NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001121
30-JUN-2015
08:41 AM

NO. CAAP-12-0001121

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RAYMOND S. DAVIS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO 1DTA-12-01623)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Raymond S. Davis (Davis) appeals from the Order and Notice of Entry of Order, entered on November 29, 2012 in the District Court of the First Circuit, Honolulu Division (District Court).[1] Davis was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes § 219E-61(a)(3) (Supp. 2014).

On appeal, Davis claims the District Court erred by (1) admitting State's Exhibits 1 and 2 (Intoxilyzer 8000 Accuracy Tests of February 29, 2012 and March 16, 2012 respectively) because (a) they lacked foundation and, therefore, relevance, and (b) they violated Davis's right to confrontation, and (2) taking judicial notice that (a) the manufacturer of the Intoxilyzer 8000 was CMI, Inc., (b) the Intoxilyzer 8000 was approved by the State of Hawai'i, Department of Health (DOH) as an accepted breath-alcohol testing instrument, (c) the use of the Internal Standards of the Intoxilyzer 8000 as an accuracy verification device that

---

[1] The Honorable Shirley M. Kawamura presided.

was approved by the DOH, and (d) the Honolulu Police Department Intoxilyzer 8000 Breath Alcohol Operator Training Program Outline dated February 4, 2009 complied with Hawaii Administrative Rule (HAR) § 11-114-10.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Davis's points of error as follows:

(1) The District Court did not err by admitting State's Exhibits 1 and 2. The exhibits were admissible under Hawaii Rules of Evidence (HRE) Rule 803(b)(8) and 902(4). The Intoxilyzer 8000 accuracy tests by the Honolulu Police Department are required to be kept and maintained by the intoxilyzer supervisor for at least three years. Hawaii Administrative Rules (HAR) § 11-114-12. Thus, the exhibits are public records or reports of a public agency and, therefore, an exception to hearsay within the meaning of HRE Rule 803(b)(8). As conceded by Davis the exhibits were also self authenticating under HRE Rule 902(4) as certified copies of public records. The exhibits were certified as a true, full, and correct copies of the originals by the custodian of records and had an embossed seal. Thus, Davis's objection for lack of foundation was without merit. Davis did not specifically object to admission of the exhibits based on relevance. Therefore, the point of error is waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4). Even if he did object for lack of relevance, Davis points out that "absent evidence that the Intoxilyzer had been verified for accuracy within thirty-one days of Davis'[s] breath test, as required by HAR § 11-114-7(a)(6), . . . The trial court thus further erred in admitting the breath result." The exhibits state that the "The Intoxilyzer was operating accurately in compliance with the State of Hawaii Department of Health Administrative Rules, Title Eleven, Chapter 114-7" on February 29, 2012 and March 16, 2012. Thus, the exhibits were relevant to demonstrate that the Intoxilyzer 8000 was working accurately during Davis's breath test on March 3, 2012. Further, admission of the exhibits did not violate Davis's right to confrontation. See State v. West,

2

No. CAAP-12-0000717, 2015 WL 3422156 at *4 (App. May 27, 2015) (SDO).

(2) The District Court did not err by taking judicial notice that CMI, Inc. was the manufacturer of the Intoxilyzer 8000, the Intoxilyzer 8000 was approved by the DOH as an accepted breath-alcohol testing instrument, the use of the Internal Standards of the Intoxilyzer 8000 as an accuracy verification device that was approved by the DOH, and the Honolulu Police Department Intoxilyzer 8000 Breath Alcohol Operator Training Program Outline dated February 4, 2009 complied with HAR § 11-114-10. Id. at *2-4.

Therefore,

IT IS HEREBY ORDERED THAT the Order and Notice of Entry of Order, entered on November 29, 2012 in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawaiʻi, June 30, 2015.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Presiding Judge

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

3